UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRAIG RUSSELL L.,[1] <br><br>             Plaintiff, <br><br>    v. <br><br> MARTIN J. O'MALLEY, <br> Commissioner of Social Security <br> Administration,[2] <br><br>             Defendant. | Case No. 1:23-cv-00458-DKG <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of his application for a period of disability and disability insurance benefits. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will remand this matter to the Commissioner for further proceedings for the reasons set forth below.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin J. O'Malley became the Commissioner of Social Security Administration on December 20, 2023. Fed. R. Civ. P. 25(d).

## BACKGROUND

On May 2, 2021, Plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging a disability onset date of December 6, 2019. (AR 17). Plaintiff's application was denied upon initial review and on reconsideration. (AR 17). A telephonic hearing was conducted by Administrative Law Judge ("ALJ") Henry Kramzyk on May 22, 2023, at which the ALJ heard testimony from Plaintiff and a vocational expert. (AR 17).

On June 16, 2023, ALJ Kramzyk issued a written decision finding Plaintiff was not under a disability from December 6, 2019, through the date of the decision, and therefore determined Plaintiff was not disabled. (AR 17-30). Plaintiff timely requested review by the Appeals Council, which denied his request.

At the time of the alleged disability onset date, Plaintiff was forty-eight years of age, which is defined as a young individual. (AR 29). However, at the time of the hearing, Plaintiff changed age category to closely approaching advanced age. (AR 29); 20 C.F.R. § 404.1563. Plaintiff is a high school graduate and has past relevant work experience as a plumber and an estimator. (AR 29). Plaintiff claims disability due to physical and mental impairments, including back pain with radiculopathy, post-traumatic stress disorder ("PTSD"), hearing loss, mood disorder, anxiety, and sleep apnea. (AR 90).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 19). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: degenerative disc disease of the thoracic and lumbar spine, coronary heart disease, myocardial ischemia, LAD stenosis, PTSD, major depressive disorder, and generalized anxiety disorder. (AR 19). Plaintiff's hyperlipidemia, hepatic steatosis, slow colonic motility, hemorrhoids, tinnitus, insomnia, obstructive sleep apnea, right ankle fracture, hydronephrosis of the right kidney, and diabetes mellitus were found to be non-severe. (AR 20). The ALJ concluded Plaintiff's legal blindness, left shoulder pain, and left elbow pain, were not medically determinable impairments. (AR 21).

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 21). The ALJ next found Plaintiff retained the Residual Functional Capacity ("RFC") for light work with the following limitations:

> [L]ift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for up to 6 hours; and sit for up to 6 hours. The claimant can never climb ladders, ropes, or scaffolds, but can frequently climb ramps and stairs; frequently balance, and occasionally stoop, crouch, kneel, and crawl. The claimant can understand, remember, and carryout short, routine, and repetitive instructions; and sustain attention/concentration for 3-hour periods at a time and for 8 hours in the workday on short, routine, repetitive

instructions. The claimant can use judgment in making work decisions
related to short, routine, and repetitive instructions. The claimant requires
an occupation with set routine, procedures and instructions, and occasional
changes during the workday. The claimant requires an occupation with only
occasional contact with the public. The claimant can do work with no
requirement to meet defined production quotas such as production line
work. The claimant can maintain regular attendance and be punctual within
customary tolerances. The claimant can perform activities within a
schedule. The claimant needs to avoid concentrated exposure to vibration.
The claimant needs to avoid concentrated exposure to fumes, odors, dust,
gases, and pulmonary irritants. The claimant needs to avoid concentrated
exposure to hazards, such as dangerous machinery and unprotected heights.

(AR 23).

At step four, the ALJ found Plaintiff unable to perform any past relevant work
and, therefore, proceeded to step five. (AR 29). Relying upon the vocational expert, the
ALJ found that other jobs exist in significant numbers in the national economy that
Plaintiff can perform given his age, education, work experience, and RFC, such as: sorter,
tagger, and routing clerk. (AR 30). The ALJ therefore determined Plaintiff was not
disabled from December 6, 2019, through the date of decision. (AR 30).

## ISSUES FOR REVIEW

1.    Whether the ALJ erred by finding Plaintiff not disabled at step three.

2.    Whether the ALJ properly evaluated Plaintiff's subjective symptom statements.

3.    Whether the ALJ properly evaluated the medical opinion evidence.

4.    Whether the ALJ properly considered the nonmedical source statements.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal
error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874

F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id.* The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Id.* at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id.* The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*,

806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117–1122 (9th Cir. 2012).

## DISCUSSION

### 1. Medical Opinion Evidence

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence. (Dkt. 13, 18). Defendant maintains the ALJ considered the opinion evidence consistent with the applicable regulations. (Dkt. 15).

### A.    Legal Standard

Under the regulations governing an ALJ's evaluation of medical opinion evidence for claims filed on or after March 27, 2017, such as here, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. § 404.1520c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). The most important factors in the evaluation process are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)). The ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. *Id*.; 20 C.F.R. § 404.1520c(b)(2); *Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d

1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence). The absence of either a supportability or consistency finding is not itself fatal to an ALJ's evaluation of opinion evidence, because a finding as to either factors may constitute a sufficient basis for the ALJ's finding regarding the persuasiveness of an option if the ALJ's decision is supported by substantial evidence. *Woods*, 32 F.4th at 792-94 & n. 4 (supportability and consistency are distinct factors that are treated separately).

The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other persuasive factors were considered. 20 C.F.R. § 404.1520c(b)(3). The ALJ's persuasiveness determination must be supported by substantial evidence. *Woods*, 32 F.4th at 787.

### B.     The ALJ Erred in Evaluating the Medical Opinions of State Agency Psychological Consultant Stephenson and NP Peterson.

State agency psychological consultant Stephenson found Plaintiff to have understanding and memory limitations, specifically regarding understanding and remembering detailed instructions. (AR 115). Stephenson opined that Plaintiff has the

**MEMORANDUM DECISION AND ORDER - 7**

capacity to understand and carry out simple instructions in a routine work environment. (AR 116). He opined that Plaintiff would have difficulty carrying out tasks of divided attention. *Id*. Stephenson further opined that Plaintiff should avoid working with the public, in customer service, or in large team environments, but could carry out routine interactions with coworkers and supervisors and work independently or in small teams. *Id*.

The ALJ noted when evaluating the initial agency consultant's opinion, that Stephenson opined Plaintiff should avoid working with the public. (AR 28). The ALJ found Stephenson's opinion to be "persuasive as to the simple instructions, but not as to the social limitations." (AR 28). The ALJ then stated "[t]here is nothing to support that [Plaintiff] has no limitations with the public, even though Ms. Peterson found that [Plaintiff] was polite and related well." *Id*.

First, Plaintiff takes issue with the ALJ rejecting Stephenson's opinion regarding Plaintiff's social limitations on the basis that "there is nothing to support that [Plaintiff] has no limitations with the public." (AR 28); (Dkt. 12 at 15). Plaintiff identifies this finding as a mischaracterization of the record, and the Court agrees. Stephenson did not opine that Plaintiff has no limitations with the public, but instead found that Plaintiff was moderately limited in his ability to interact with the public. (AR 116); (Dkt. 12 at 15). Specifically, Stephenson stated that Plaintiff "should avoid working with the public, in customer service, or in large team environments." (AR 116). Indeed, the ALJ at least partially found Plaintiff's social restrictions to be supported by the record since he ultimately included the limitation of only occasional interaction with the public within

Plaintiff's RFC. Because the ALJ mischaracterized the part of the opinion he found to be unpersuasive, he failed to properly analyze the persuasiveness of state agency consultant Stephenson. As a result, the Court finds the ALJ's conclusion, that Stephenson's opinion was unpersuasive as to social limitations, is not supported by substantial evidence in the record. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (reversing the ALJ's decision where "his paraphrasing of the record material is not entirely accurate regarding the content or tone of the record.").

Nevertheless, Defendant contends that the ALJ correctly found Stephenson's opinion as to social limitations to be unsupported, by pointing to numerous of Plaintiff's medical records in support of the ALJ's finding and arguing that such finding was in reference to the ALJ's earlier analysis of Plaintiff's social functioning. (Dkt. 17 at 14). Defendant also claims that the ALJ discredited Stephenson's opinion because it was inconsistent with other evidence in the record and Plaintiff's activities of daily living. (Dkt. 17 at 14-15).

However, the Court does not find such reasoning discernable within the ALJ's evaluation of Stephenson's opinion. (AR 28); *Rounds v. Comm'r SSA*, 807 F.3d 996, 1004 (9th Cir. 2015) ("This Court cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision."). As such, the Court is bound to review only the reasoning the ALJ places on the record and is not permitted to speculate as to what the ALJ's reasoning may have been based on other evidence available in the record. *Bray*, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by

the ALJ – not *post-hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Ultimately, even if the Court were to ignore the ALJ's mischaracterization of Stephenson's opinion, the ALJ still failed to explain how the opinion regarding Plaintiff's social limitations was unsupported by or inconsistent with the objective medical evidence or other evidence in the record, and the Court cannot speculate as to the basis for the ALJ's unexplained conclusions. *See Bray*, 554 F.3d at 1225. Contrary to Defendant's assertions, the Court finds the ALJ failed to properly address the factors of consistency and supportability as required by the regulations, and therefore, his persuasiveness finding as to Stephenson's opinion is not supported by substantial evidence in the record. 20 C.F.R. § 404.1520c(b).

Second, Plaintiff contends that the ALJ erred in rejecting the medical opinion of NP Peterson, without adequate explanation under the supportability and consistency factors supported by substantial evidence. (Dkt. 12 at 16). Consultive psychological examiner Peterson found Plaintiff's ability to understand, retain, and follow instructions, and sustain attention to perform simple, repetitive tasks, to be impaired due to poor focus and memory. (AR 919). Stephenson opined Plaintiff was impaired in his ability to relate to others, including fellow workers and supervisors due to his psychotic symptoms. *Id.* He further found that Plaintiff was impaired in his ability to tolerate stress and the pressures of day-to-day work activity. *Id.* Stephenson concluded that Plaintiff is dependent in many activities of daily living, and his psychotic symptoms and symptoms

of PTSD, mood disorder, and anxiety appear to limit his ability to function in the workplace. *Id.*

The ALJ summarized Peterson's opinion that Plaintiff was impaired in his ability to relate to others, tolerate stress, sustain attention, and follow instructions. (AR 28). The ALJ then found Peterson's opinion to be "persuasive so far as it supports the [RFC], but not persuasive because it lacks any specific limitations." *Id.*

An ALJ may find unpersuasive a medical opinion that fails to provide specific limitations, because the ALJ could conclude that the opined characterizations were inadequate for determining the RFC. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Here, however, the ALJ stated there were no specific limitations in the opinion, but then also found Peterson's opinion to be persuasive as far as it supports the limitations in the RFC. (AR 28). The ALJ failed to provide any substantial evidence to support his finding that Peterson's opinion was partially persuasive as it relates to the RFC or partially unpersuasive as to the rest of the opinion. The Court notes that the ALJ's persuasiveness finding as to Peterson's opinion is both confusing and unclear, and the ALJ's singular statement as to Peterson's opinion is not sufficient explanation for the ALJ to either credit or discount the opinion.

As such, the Court finds that the ALJ erred by failing to address the consistency and supportability factors, if at all, in a manner that explained his reasoning adequately for this Court's meaningful review. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (where an ALJ fails to provide adequate reasoning to support a finding, a reviewing court will be unable to meaningfully review without substituting its conclusion

for the ALJ's or speculation as to grounds for the ALJ's decision); *see also Dale O. v. O'Ma*lley, 2024 U.S. Dist. LEXIS 49190, at *31-32 (D. Idaho Mar. 8, 2024) (finding an ALJ's persuasiveness finding to be vague and conclusory, and therefore failed to explain how the supportability and consistency factors were considered as required by the regulations).

Therefore, the Court concludes that the ALJ erred in his evaluations of both Stephenson and Peterson's medical opinions. The ALJ mischaracterized Stephenson's opinion, and as to both opinions, failed to sufficiently explain the consistency and supportability factors as required by the regulations. Therefore, neither analysis was supported by substantial evidence in the record.

However, an ALJ's failure to properly evaluate the medical opinions may be harmless error when the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [opinion], could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). Here, crediting some or all of the opinions of either Stephenson or Peterson would likely have affected the ALJ's RFC, and consequently, the hypothetical posed to the vocational expert, and the outcome of the disability determination may have been different. *See Ghanim v. Colvin*, 763 F.32 1154, 1166 (9th Cir. 2014). The ALJ's errors were therefore not

inconsequential to the disability determination and were not harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). [3]

## CONCLUSION

Based on the foregoing, the Court finds harmful error in the ALJ's evaluation of the medical opinions of Stephenson and Peterson. Therefore, the disability determination is not support by the record. The Court will reverse and remand the ALJ's decision for further administrative proceedings.

The decision whether to remand for further proceedings or award immediate benefits is within the discretion of the Court. *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). Remand for a direct award of benefits is generally proper where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. *Trevizo*, 871 F.3d at 682-83. However, in cases where further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman v. Apfel*, 211 F.3d 1172, 1179-81 (9th Cir. 2000). Generally, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

---

[3] Having found that remand is warranted based on the issue of the medical opinion evidence, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008).

Here, the ALJ erred by failing to properly evaluate the medical opinions of agency consultant Stephenson and NP Peterson. The circumstances presented in this case suggest that further administrative review could remedy the Commissioner's errors. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (Remand is proper where "the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Because the ALJ misevaluated the medical opinion evidence, the ALJ will necessarily need to reassess the findings at step three – which were based on the ALJ's assessment of the medical evidence – and proceed to the remaining steps as appropriate. Accordingly, the Court finds it appropriate to reverse and remand for further administrative proceedings.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      The Complaint (Dkt. 1) is **GRANTED**;

2)      This action will be **REMANDED** to the Commissioner for further proceedings consistent with this opinion; and

3)      This Remand is considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: September 3, 2024

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**